**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

**UNITED STATES OF AMERICA**

vs.

**JOEY L. CAMPBELL,**
a/k/a Brandon Reed,

Defendant

**NO. 3: 04-CR-25 (CAR)**

**VIOLATIONS: DRUG & FIREARMS RELATED**

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. John Francisco of the Macon Bar; the United States was represented by Assistant U. S. Attorney Tamara A. Jarrett. Based upon the evidence proffered to the court, I conclude that the following facts require his detention pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated June 18, 2005, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community if defendant Campbell is released from custody at this time. The offenses charged against him are serious drug and firearms felonies for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 151 months to 188 months should he be convicted or enter a plea of guilty. The weight of evidence appears to be strong, with both drugs and firearms having been found on or near his person at the time of his apprehension.

**Defendant Campbell possesses a criminal conviction record, to-wit: POSSESSION/MANUFACTURE/SALE/PURCHASE OF COCAINE, Superior Court of Clarke County (cases from 2003 and 2004 consolidated with plea on June 2, 2005). In addition, he as a history of being charged with failing to appear on three separate occasions, on one of which he served 24 hours in jail.**

**In the court's view, Mr. Campbell poses a very real danger to the community were he to be released from custody. He has demonstrated a propensity to involve himself in illegal activity continuously since 2002. He admits to twice daily marijuana usage up until two months ago. He has given a false name to law enforcement authorities on at least two occasions. Pretrial detention is therefore mandated. IT IS SO ORDERED.**

### PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 30th day of JUNE, 2005.**



**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**